

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WESTERN BULK PTE LTD.,                :       07 CV _____

        Plaintiff,                     :       ECF CASE

    - against -                                  :

SHANDONG METALLURGICAL RESOURCES :
CO. LTD., SHANDONG WANBAO GROUP CO. :
LTD, a/k/a SHANDONG WANBAO TRADING   :
CO., LTD. and RIZHAO TONGTAI TRADING  :
CO., LTD.,                                            :

        Defendants.                    :
-------------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiff, WESTERN BULK PTE LTD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy, and Lennon, LLC, as and for its Verified Complaint against the Defendants, SHANDONG METALLURGICAL RESOURCES CO. LTD. (hereinafter referred to as "SMR"), SHANDONG WANBAO GROUP CO. LTD. a/k/a SHANDONG WANBAO TRADING CO., LTD. ((hereinafter referred to as "SWT"), and RIZHAO TONGTAI TRADING CO. LTD. (hereinafter referred to as "RTT") (collectively referred to herein as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the disponent owner of the motor vessel "ANGELA" (hereinafter the "Vessel").

3.  Upon information and belief, Defendant SMR was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

4.  Pursuant to a charter party dated May 22, 2007 Plaintiff voyage chartered the Vessel to Defendant SMR.

5.  Upon information and belief, Defendant SWT was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the

6.  Upon information and belief, Defendant RTT was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times

7.  During the course of the aforesaid charter party certain disputes arose concerning the Defendant SMR's failure to deliver a contemplated cargo of nickel ore to the Vessel.

8.  As a result of Defendant SMR's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $2,140,859.70, exclusive of interest, arbitration costs and attorney's fees.

9.  Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London pursuant to the Arbitration Acts 1950 and 1979, or any statutory modification or re-enactment thereof, with English law to apply. Plaintiff reserves its rights in this respect.

10. Despite due demand, Defendant SMR has failed to pay the amounts due and owing under the charter party.

11. Plaintiff is preparing to commence arbitration proceedings in England on its claims against the Defendants.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration conducted pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $2,140,859.72; |
| | i. Deadfreight[1]: | $1,411,000.00 | |
| | ii. Demurrage[2]: | $729,759.72 | |
| B. | Estimated interest on claims: [3 years at 7.5%, compounded quarterly] | | $518,723.62; |
| C. | Estimated attorneys' fees: | | $75,000.00; and |
| D. | Estimated arbitration costs/expenses: | | $50,000. |
| **Total:** | | | **$2,784,583.32.** |

13. Upon information and belief, Defendant SMR is a shell-corporation through which Defendants SWT and/or RTT conduct business.

14. Upon information and belief, Defendant SMR has no separate, independent identity from Defendants SWT and/or RTT.

15. Furthermore, and upon information and belief, Defendant SMR is the alter ego of Defendants SWT and/or RTT because SWT and/or RTT dominate and disregard SMR's corporate form to the extent that SWT and/or RTT are actually carrying on the business and operations of SMR as if the same were its own.

---

[1] Deadfreight is the compensation due to a ship owner from its charterer when the charterer is unable to load the cargo quantity that has been agreed in the charter party. The amount due is the loss of freight that would have been earned by the ship owner had the cargo been carried as contemplated under the charter party.

[2] Demurrage is the compensation due to a ship owner from its charterer when the ship is detained, or delayed, beyond the specified date agreed in the charter party.

3

16. Upon information and belief, Defendants SWT and/or RTT use Defendant SMR as a "chartering arm" or as a "pass through" entity such that SWT and/or RTT can insulate themselves from transactions relating to commercial obligations and in particular vessel charters.

17. Although SWT was not named in the charter party, and had no formal relationship to the charter of the M/V "Angela" it was identified to Plaintiff by representatives of SMR as the corporate parent of SMR, for the purpose of a contemplated settlement agreement whereby SWT would have guaranteed the settlement agreement of SMR for the sums and due and owing to Plaintiff from SMR.

18. Upon information and belief, SWT is <u>not</u> the corporate parent of SMR. Rather, RTT is the corporate parent as it owns 50% of the shares of SMR. RTT itself is principally owned by Mr. Weihua Xin (76%), who is also the majority shareholder of SWT (52.28%). The other shareholder of RTT (24%), Mr. Yun Chen, is also the other major shareholder of SMR (45%).

19. It is not common practice in the maritime industry for an independent company to agree to guarantee, or pay, another company's debt, where it has no formal relationship to the underlying charter party.

20. Furthermore, and upon information and belief, SMR is one of several companies, including SWT and RTT, which are operated, controlled and managed as a single economic enterprise.

21. Upon information and belief, Defendant SMR does not maintain a separate identity, but rather is controlled by this single economic enterprise.

22. Upon information and belief, this single economic enterprise includes the Defendants named in the Complaint, and is ultimately controlled by Mr. Xin and Mr. Chen.

23. Upon information and belief, the organizational hierarchy of this single economic entity is headed by Mr. Xin and Mr. Chen.

24. Upon information and belief, from common offices located at 4th Floor, No. 85 Huanghai 1st Road, Rizhao, Shandong Province, People's Republic of China, this single economic entity, operates a manufacturing, purchasing, sale and transportation network which includes the transport and delivery of numerous goods.

25. Upon information and belief, among the entities which comprise this single economic entity, there is a commonality of control and management centered with Mr. Xin and Mr. Chen, with an overlap of officers, directors and employees.

26. Upon information and belief, among the entities which comprise this single economic entity, which includes the Defendants named in this Complaint, there has been no attention or inadequate attention to corporate formality.

27. Upon information and belief, among the entities which comprise this single economic entity, which includes the Defendants named in this Complaint, there is lack of arms' length dealing among the corporations and contracts ostensibly entered in the name of one are undertaken, performed, or indemnified by others in this single economic enterprise.

28. Based on the foregoing, as well as other activities, the entities which comprise this single economic entity, including the Defendants named in the Complaint, should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and therefore any and all assets and property, tangible or intangible, susceptible to attachment and/or restraint for the debts of any and/or any number of the individual entities which make up the single economic enterprise, including but not limited to, the debts of Defendant SMR.

29. By virtue of the foregoing, the companies which comprise this single economic entity, including Defendants SWT and/or RTT, are properly considered parties to the subject contract as the alter egos and/or prime movers and controllers of Defendant SMR.

30. In the further alternative, Defendants are partners and/or are joint venturers.

31. In the further alternative, Defendants are affiliated companies such that Defendants SWT and/or RTT, are now, or will soon be, holding assets belonging to Defendant SMR and vice versa.

32. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

33. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

34. The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq*.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$2,784,583.32.**

B.   That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$2,784,583.32** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including, but not limited to, such property as may be held, received or transferred in Defendants' names, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
July 3, 2007

The Plaintiff,
WESTERN BULK PTE LTD.

By: _____
Kevin J. Lennon (KL 5072)
Patrick F. Lennon (PL 2162)

LENNON, MURPHY & LENNON, LLC
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
kjl@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     ) ss.: Town of Southport
County of Fairfield  )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         July 3, 2007

_/s/ Kevin J. Lennon_
Kevin J. Lennon